# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIE L. GARRETT,**

    **Petitioner,**

    v.                                  CASE NO. 18-3133-JWL

**N.C. ENGLISH,[1] Warden,**
**USP-Leavenworth,**

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his designation as a career offender. The Court has screened his Petition (Docs. 1, 2) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

On February 8, 1996, Petitioner was sentenced following a jury trial in the Western District of Missouri to 360 months' imprisonment and five years' supervised release, for conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base in violation of 21 U.S.C. § 846, and aiding and abetting the possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *United States v. Garrett*, No. 4:94-cr-00178-SOW (W.D. Mo.) (Doc. 102). Petitioner appealed, claiming the district court failed to comply with the requirements of Fed. R. Crim. P. 32(c)(1). *United States v. Garrett*, No. 96-1477, 108 F.3d 1382 (Table), 1997 WL 139759 (8th Cir. March 28, 1997). The Eighth Circuit affirmed the judgment of the district court. *Id*.

---

[1] The Court substitutes N.C. English as the current Warden, USP-Leavenworth, pursuant to Fed. R. Civ. P. 25(d).

1

Petitioner filed a § 2255 motion on June 22, 1998. The district court denied the motion on November 2, 1998. *See Garrett v. United States*, 195 F.3d 1032 (8th Cir. 1999) (dismissing appeal). Petitioner filed a Motion for Sentence Reduction pursuant to Amendment 706 on June 4, 2008. *United States v. Garrett*, No. 94-cr-00178-SOW (W.D. Mo.) (Doc. 149). The district court denied the motion on April 16, 2009. *Id*. at Doc. 155. On December 2, 2011, Petitioner filed a Motion for Sentence Reduction pursuant to Amendment 750, which was denied on February 5, 2013. *Id*. at Docs. 168, 170.

On May 25, 2018, Petitioner filed the instant petition under 28 U.S.C. § 2241, arguing that his prior convictions do not qualify him as a career offender in light of the decisions in *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), thus entitling him to resentencing without the career offender enhancement. Petitioner invokes the savings clause of § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609

F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner argues that he is entitled to relief due to a new interpretation of statutory law that is made retroactive, citing *Mathis*, *Hinkle*, and *Holt*. When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)).

It does not appear that Petitioner sought authorization from the Eighth Circuit to file a second or successive § 2255 motion, nor does he argue that the cases he relies on are "a new rule of constitutional law." Regardless, preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate or ineffective. Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h). The Tenth Circuit has rejected an argument that the "current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)—demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished) (citations omitted); *see also*

*Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (unpublished) (finding that petitioner has not attempted to bring a second § 2255 motion, and even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate") (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586). If § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

Petitioner acknowledges that the decision in *Mathis* is a new interpretation of statutory law. The AEDPA "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013), *cert. denied* 134 S. Ct. 1874 (2014). However, prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under the savings clause in § 2255(e). *Id*. However, § 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Id*. (citations omitted).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589. "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or

4

ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id.* (emphasis in original).

Petitioner argues that he meets the savings clause tests adopted in other circuits. Doc. 2, at 13 (citing *Hill*, 836 F.3d at 595). However, the Tenth Circuit has addressed the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell*, 510 F. App'x at 744. The Tenth Circuit answered the question in the negative in *Prost*, holding that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241." *Prost*, 636 F.3d at 584.

Nothing about the procedure of Petitioner's prior § 2255 motion prevented him from making this same argument despite the fact that the Supreme Court decision he seeks to rely on was not in existence yet.[2] The Tenth Circuit has concluded that although a petitioner may have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, this is not reason enough to find the original § 2255 motion "inadequate or ineffective." *See Prost*, 636 F.3d at 589; *Haskell*, 510 F. App'x at 745; *Sandlain*, 2017 WL 4479370, at *3 ("Nor does it matter that *Mathis* was not in existence at the time he filed his initial § 2255 motion").

Petitioner cites *Reyes-Requena*, for the proposition that the savings clause applies if he establishes that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised." Doc. 2, at 13 (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)). However, the Tenth

---

[2] The Court expresses no opinion on the applicability of *Mathis* to Petitioner's claim. *See Haskell*, 510 F. App'x at 745, n.4; *see also Sandlain v. English*, No. 17-3152, 2017 WL 4479370, at n.8 (10th Cir. 2017).

5

Circuit created a new savings clause test in *Prost* and declined to follow the previous test used under *Reyes-Requena*. *Abernathy*, 713 F.3d at 541, 545–46, n.6–7 (10th Cir. 2013). Under the new test, § 2255 is not "inadequate or ineffective" merely because adverse circuit precedent existed at the time. *Abernathy*, 713 F.3d at 548 (citing *Prost*, 636 F.3d at 590–93); *Sandlain*, 2017 WL 4479370, at *3 ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review."); *see also Lewis v. English*, ___ F. App'x ___, 2018 WL 2684276, at *2 (10th Cir. June 5, 2018) (unpublished) (noting that anticipating *Mathis* and arguing it in the face of conflicting circuit precedent would be an "uphill battle," but petitioner "at least had the *opportunity* to take this path").

The Tenth Circuit has also rejected the argument that the decision in *Prost*—rejecting the erroneous circuit foreclosure test—violates equal protection. *Brown*, 572 F. App'x at 608 ("We reject this argument because a circuit split does not deny Mr. Brown equal protection.") (citations omitted). Petitioner *could* have made his argument, regardless of the likelihood of success on such an argument, even if it was foreclosed by then-controlling circuit precedent. *Abernathy*, 713 F.3d at 548. "The savings clause doesn't guarantee results, only process." *Id*. (quoting *Prost*, 636 F.3d at 590).

Petitioner, like the petitioner in *Abernathy*, argues that he is "actually innocent" of the sentence enhancement. (Doc. 2, at 13.) In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' . . . [u]nder the *Prost* framework, a showing of actual innocence is irrelevant." *See also Sandlain*, 2017 WL 4479370, at *4 (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under

*Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown*, 572 F. App'x at 608–09 (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception); *see also Boose v. Mays*, No. 13-3016-RDR, 2014 WL 298604, at *4 (D. Kan. Jan. 28, 2014) ("[I]t has generally been held that § 2255's savings clause cannot be invoked to challenge a sentence enhancement rather than the underlying conviction.") (citations omitted).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas, on this 2nd day of July, 2018.

s/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**